## Lemuel Parker

### *v.*

## Mary Benjamin.

MISTAKE—*corrected in chancery.*  A party owning two forty-acre tracts of land, sold one of them and executed a deed therefor.  The purchaser, from a mistaken idea that the deed was not for the tract he bought, refused to receive it, and thereupon the vendor conveyed the other tract.  The vendee then discovered that the deed he had received was for the wrong tract, and that first executed was correct.  Upon the vendor refusing to correct the mistake, it was *held,* the error being the result of misapprehension on both sides, the vendor, on receiving back the title he had made, would be compelled, in equity, to convey the land really embraced in the contract.

APPEAL from the Circuit Court of Cass county; the Hon. CHARLES TURNER, Judge, presiding.

This was a suit in chancery, instituted in the court below by Mary Benjamin against Lemuel Parker, to compel the execution of a deed of conveyance by the defendant, for a tract of land which the complainant had purchased.

The circumstances were these : It appears that Parker owned two forty-acre tracts of land, adjoining each other, upon one of which was a lake or pond.    The complainant purchased the latter tract from the owner, through his agent.    Parker, who resided in Massachusetts, upon being advised of the sale, executed a deed for the tract upon which the pond was situated, and sent it to his agent to be delivered.    In the meantime, the purchaser had become satisfied the pond was not on the forty described in the deed, and refused to receive it.    Thereupon Parker executed a deed for the other tract, which was accepted by the purchaser, and put upon record, and the purchase money paid.    Soon after, the purchaser discovered that the pond was on the tract described in the first deed, and requested the vendor to convey the same to her.    This he refused to do, and this suit was instituted to compel him to convey the tract which was in fact the subject of the contract.

The court below found that it was the understanding of the parties, at the time of the sale, that it related to the tract on which the pond was situated, and decreed that Parker make a conveyance of that tract, upon the other tract being re-conveyed to him.    From that decree the defendant appealed.

Mr. G. POLLARD, for the appellant, contended that, as the purchaser had refused the first deed, which described the tract she claims to have purchased, she thereby repudiated the contract, and can not now set up any claim under it.

There was no mistake on the part of appellant, at least, and no misrepresentation or fraud is either charged or proved against him.    Appellee, in both instances, gave the numbers of the land she desired, and appellant executed the deeds accordingly, without knowing that there was a lake on either piece.

The only mistake alleged is that of appellee, in supposing there was a lake on the land she was purchasing.

If she purchased with such a belief, which turned out to be a mistaken one, the utmost that she could ask from a court would be relief from the contract, and to be placed on her feet again.

But to go farther, and order the appellant to convey the tract which she did not purchase, would be for the court to make a contract for the parties, which they neither made nor contemplated.

Courts of equity will not change a written contract except upon the clearest evidence, and then only when it can make it conformable to the intentions of both parties.  *Lyman* v. *U. S. Ins. Co.* 17 Johns. 373; *Mills* v. *Lockwood,* 42 Ill. 112.

Messrs. MATHENY & McGUIRE, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

We are of opinion the decree in this case is correct.  The deposition of Charles E. Parker, a disinterested witness, and cognizant of the transaction from its beginning, clearly shows that it was the forty acres with the pond upon it, about which the parties were contracting.  At the time of the negotiation, the agent of appellant, with whom the business was transacted, said it made no difference which of the forties the purchaser took, and that he must decide upon the numbers, as the agent did not know which forty had the fishing privilege.  It was perfectly well understood that this privilege was the object of the purchase, and hence the first deed which was sent out from Massachusetts, and which did, in fact, include the pond, was sent back before it was recorded, from a mistaken idea that the pond was on the other forty, and the defendant then executed a new deed.  It then being discovered that the first deed was in fact correct, and the second did not include the pond, but

17—53RD ILL.

the purchase money having meanwhile been paid, the defendant refuses to correct the error, and convey the land described in the first deed. He may suppose that having already made two deeds, he should not be called upon to make a third, but the error in the description having been the result of misapprehension on both sides, equity requires that the mistake should be corrected, and the vendor should convey to the purchaser the land concerning which the contract was really made, on receiving back the title to the forty acres conveyed by mistake. No equities of third persons have intervened, nor does it appear that there has been any change in the condition of either tract.

*Decree affirmed.*